UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:14-CV-00106-RH-CAS

SOUTHERN-OWNERS
INSURANCE COMPANY,
a Foreign Insurer,

    Plaintiff,

v.

WHITLEY CONTRACTING, INC.,
SUNNYLAND SOLAR, LLC,
MEEKS AND SON, INC.,
HD POWER SUPPLY SOLUTIONS LTD.,
and SOLARSINK, LLC,

    Defendants.
_____/

## DEFENDANT/COUNTER-PLAINTIFF, SOLARSINK, LLC'S REPLY TO SOUTHERN-OWNERS MEMORANDUM IN OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

### I.    INTRODUCTION

The initial lawsuit brought by Sunnyland Solar, LLC "(Sunnyland") and Whitley Contracting, Inc. ("Whitley") against SolarSink giving rise to the claim under the Southern-Owners policy is referred to in this Reply as the "Underlying Lawsuit." This suit brought by Southern-Owners Insurance Company ("Southern-Owners") to determine whether it has a duty to defend and indemnify SolarSink in the Underlying Lawsuit is referred to in this Reply as the "Declaratory Judgment Action."

## II.  ARGUMENT

Since the Plaintiff has abandoned its argument that the "Insuring Agreement" and 4 of the 5 exclusions Plaintiff originally listed in the Complaint nullifies its duty to defend, this Reply will address the one remaining exclusion; Exclusion (6)(j): excluding property damage "that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. (Doc. 23 at p. 7).

In order to prevail that this exclusion nullifies the duty to defend, the Plaintiff needs to establish that the solar sausages must be restored, repaired or replaced because SolarSink's work was incorrectly performed on the solar sausages itself, and not on other components that make up the solar field. The Plaintiff's argument is that the Underlying Lawsuit contains allegations that SolarSink was required to not only supervise the installation of the VFDs, but also that after the VFDs were installed there was a continuing obligation to ensure that the VFD maintained their air pressure and did not cause damage to the solar sausages.

The Plaintiff's argument fails because: 1) the complaint in the Underlying Lawsuit does not assert that SolarSink is liable for damages because of an ongoing duty to ensure that the VFDs maintained proper air pressure; 2) at best, any allegation referring to a continuing obligation to ensure the VFDs maintain air pressure are ambiguous and must be construed against Southern-Owners in determining whether a duty to defend even existed; 3) if this allegation was asserted in the Underlying Lawsuit, the allegations which refer to improper work with respect to the VFDs falls outside of exclusion (6)(j); and 4) even if there is a clear assertion that SolarSink had a continuing obligation to maintain air pressure in the VFDs and to prevent damage to the solar sausages, this is just one assertion of negligence and while that one

allegation may be excluded under the policy, there are other allegations that are covered giving rise to the obligation to defend both the covered and non-covered claims.

### A. The Underlying Lawsuit Does Not Contain Any Allegations That SolarSink Has A Continuing Obligation, After Installation, To Ensure The VFDs Continuously Maintained Air Pressure.

A cursory look at the complaint in the Underlying Lawsuit establishes that there are absolutely no allegations asserted that **any** work was incorrectly performed on the solar sausages. Rather, all of the liability flows from the choice and installation of non-conforming VFDs. Recognizing this glaring omission, the Plaintiff has resorted to an isolated, misinterpreted part of a sentence in the Underlying Lawsuit, to support its position that SolarSink "was also tasked with ensuring that the VFDs would maintain air pressure and not damage other property...." (Doc. 23 at p. 9).

In the Underlying Lawsuit, Whitley and Sunnyland asserted that:

- Whitley owed a legal duty to exercise reasonable care in the supervision of the project, including the supply, installation and programming of the VFDs (Doc. 1-1 ¶ 31).

- Whitley breached its duty with respect to the supervision of the work performed on and materials supplied by Meeks and HD Supply...particularly the VFDs. *Id.* At ¶ 32.

- The breaches included 1) confirmation that the VFDs installed were manufactured by Eaton and 2) "that the VFDs which were actually installed would maintain air pressure and would not damage other property." *Id.*

Undaunted by the lack of any specific allegation that SolarSink had a continuing obligation with respect to ensuring that the VFD's maintain air pressure, the Plaintiff seizes on

the language "that the VFDs actually installed would maintain air pressure and would not damage other property" as the only support of its claim that the Underlying Lawsuit alleges SolarSink's ongoing duty to ensure that the VFDs actually maintained air pressure.

This interpretation is wrong grammatically and wrong when read in conjunction with the entire complaint. From a grammatical standpoint, the use of the conditional verb "would"[1] is nothing more than the hope that the VFDs chosen and installed would actually work, as opposed to the active verb which require constant monitoring to ensure that the VFDs were actually working after installation. This phrase, grows further away from the Plaintiff's definition, when read in conjunction with the remainder of the negligence allegations that discuss SolarSink's negligence in terms of failing to supervise the work and materials used by Meeks and HD Supply in accordance with the construction specifications without any mention of an ongoing obligation to make sure that the VFDs actually work after installation. In short, the Underlying Lawsuit focus is on the choice and installation of the VFDs and not an ongoing obligation to ensure that the VFDs were continuing to work after installation.

It is also clear that Southern-Owners interpreted the Underlying Lawsuit in the same way when it drafted, filed and served the Declaratory Judgment Action: "Count I of the underlying complaint alleges negligence…against SolarSink…Whitley contends that SolarSink breached its legal duty in failing to exercise reasonable care in the supervision of the work performed on and the materials supplied by Meeks and HD Supply." (Doc. 1 at ¶ 17). Moreover, there is no mention of this now asserted continuing obligation to ensure that the VFDs maintained air pressure in the instant Declaratory Judgment Action. So, the first mention in any document that SolarSink has a continuing obligation to ensure that the VFD's worked, is in the Plaintiff's

---

[1] See http://www.merriam-webster.com/dictionary/would that defines" would" as a desire or future hope or aspiration

Opposition Memorandum (Doc. 23). This omission in the operative complaint in this case is glaring and further proof that the Plaintiff's current argument must be rejected.

    **B.   At Best, The Allegations In The Underlying Lawsuit Are Ambiguous And Must Be Construed Against Southern-Owners With Respect To Its Duty To Defend.**

The language in the complaint that the Plaintiff seizes on in the Underlying Lawsuit is ambiguous. "All doubts as to whether a duty to defend exists in a particular case must be resolved against the insurer and in favor of the insured.... If the allegations of the complaint leave any doubt regarding the duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend." *Hartford Acc. and Indem. Co. v. Beaver,* 466 F.3d 1289, 1292 (11th Cir. 2006). Since the Underlying Lawsuit leaves doubt as to SolarSink's alleged continuing obligation to ensure that the VFDs maintained air pressure and whether that fairly is excluded under the policy, *see infra*, that question must be resolved in SolarSink's favor.

    **C.   Any Allegations Relating To SolarSink's Failure To Ensure That The VFDs Would Actually Maintain Inflation Is Not "Your Work" To The Solar Sausages And Falls Outside Of Exclusion (6)(j).**

Exclusion (6)(j) requires that the improper work must be performed on the damaged property; "that particular part of property that must be replaced...because of improper work performed on it." Simply put, the Plaintiff argues that the improper work performed by SolarSink was ensuring that the VFDs maintained air pressure, and does not assert that any incorrect work was performed on the non-defective solar sausages. So, under *Auto-Owners Ins. Co. v. Pozzi Windows Co.,* 984 So.2d. 1241 (Fla. 2008), the exclusion does not operate to preclude a duty to defend the Underlying Lawsuit.

### D. Even If The Failure To Ensure That The VFDs Properly Maintained Air Pressure After Installation Excludes Damage To The Solar Sausages, A Duty To Defend Still Exists Because There Are Other Claims In The Underlying Action That Are Still Covered Under The Southern-Owners Policy.

Finally, even if a single claim contained in the Underlying Lawsuit can be interpreted to come within the exclusion, that alone does not relieve Plaintiff duty to defend. At best, this ongoing obligation is just one claim of negligence asserted in the Underlying Lawsuit and does not address the other claims of negligence related to the failure to properly monitor the installation and materials used which the Plaintiff admits fall within coverage. Moreover, the language utilized by the Plaintiff is not in the breach of contract count, which clearly falls within coverage and is not otherwise excluded. Accordingly, at worst, some allegations in the Underlying Lawsuit may be excluded, while others are not. *Trizec Properties, Inc. v. Biltmore Const. Co., Inc.*, 767 F.2d 810, 811-12 (11th Cir. 1985) ("If the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit.").

### III. CONCLUSION

For the foregoing reasons, Defendant/Counter-Plaintiff SOLARSINK, LLC's Motion for Partial Judgment on the Pleadings should be granted.

Respectfully submitted,

*s/Edward H. Zebersky*
Edward H. Zebersky, FBN 908370
ezebersky@zpllp.com
ZEBERSKY PAYNE, LLP
110 Southeast 6th Street, Suite 2150
Ft. Lauderdale, FL 33301
(954) 989-6333
(954) 989-7781 (Facsimile)

## CERTIFICATE OF SERVICE

I certify that on July 28, 2014, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*s/Edward H. Zebersky*
Attorney

Service List
*Southern-Owners Insurance Company v. Whitley Contracting, Inc., et al.*
Case No. 4:14-CV-00106-RH-CAS

**Counsel for Plaintiff:**

William Bennett Carter, Jr., Esq.
Craig Ashley Dennis, Esq.
Dennis, Jackson, Martin & Fontela, P.A.
1591 Summit Lake Drive, Ste. 200
Tallahassee, FL  32317
Tel.:   (850) 422-3345
Fax:   (850) 422-1325
Email: *ben@djmf-law.com*
          *craig@djmf-law.com*

**Counsel for Defendant, Whitley Contracting, Inc.:**

Joseph Breckenridge Brannen, Esq.
Pennington, P.A.
215 S. Monroe Street, Ste. 200
Tallahassee, FL  32301
Tel.:   (850) 222-3533
Fax:   (850) 681-3241
Email: *breck@penningtonlaw.com*

**Counsel for Defendant, Sunnyland Solar, LLC:**

Joseph Breckenridge Brannen, Esq.
Pennington, P.A.
215 S. Monroe Street, Ste. 200
Tallahassee, FL  32301
Tel.:   (850) 222-3533
Fax:   (850) 681-3241
Email: *breck@penningtonlaw.com*